## HENRY SAWTELL, Petitioner, &c.

The justices of the Justices' Court for the county of Suffolk have authority to establish certain days in the week as regular term days of that court, and to continue actions from term day to term day.

Where the defendant in an action in that court was defaulted in consequence of the clerk's forgetting to enter his appearance on the docket, but no judgment was entered up, it was held that the justices had power, at their discretion, at a subsequent term day, to take off the default, and to order the cause to stand for trial.

UPON the petition of Henry Sawtell, a rule was granted, commanding the justices of the Justices' Court for the county of Suffolk, to show cause why they had refused to enter up judgment and issue execution thereon, on a writ of Sawtell against one Noyes, which had been entered in the Justices' Court, and whereon Noyes had been defaulted.

The justices made return, that on the organization of that court under *St.* 1821, *c.* 109, they established Wednesday and Saturday in every week as term days for holding the court, and the first Wednesday in every month as a law day ; and that they also established, as a rule of the court, " that in all actions, when there is an appearance for both parties, the cause shall be continued to the succeeding regular day of the sitting of the court, on motion of either party, and no costs

shall be taxed for the travel or attendance of any witnesses c ɪ the return day of any writ, unless a trial shall be then had by consent," &c. At a term day on Wednesday, the 5th of December, 1827, an action of Sawtell against Noyes was entered on the docket of the court, and when the docket, on that day, was called over, no appearance for Noyes being entered thereon, he was defaulted. On Saturday, the 8th of December, no judgment having been entered up, *S. D. Parker*, as attorney of Noyes, moved that the default might be taken off, and that the action might be tried. *F. Gardner*, as attorney of Sawtell, objected, and requested that judgment might be entered up. The parties, by their attorneys, were then heard on the motion, and it was proved to the satisfaction of the court, that the attorney for the defendant had, four days before the return day of the writ, duly filed in the clerk's office his account in set-off, and notified the clerk that he should appear for the defendant and have a trial of the action, and requested the clerk to enter his name and appearance on the docket, to which the clerk assented ; but as the actions for that term day were not then entered on the docket, the clerk, on that day, when they were entered, forgetting these facts, neglected to enter any appearance for the defendant, and when the action was called, a default was entered on the docket. The court were also well satisfied, that the parties expected a trial, and that the due administration of justice required that there should be one. Whereupon the justice who sat on the 8th of December, considering that the Justices' Court is a court of record, and that in all cases where judgment has not been entered up, it has power to cause the record to be amended, according to the justice of the case, and the truth of the fact, directed that the action should stand continued until Wednesday the 2d of January, 1828, so that all the justices might advise thereon, and finally decide on the motion. On that day the justices, after hearing counsel and advising on the motion, ordered that the default should be taken off and that the action should stand continued for trial until the next term day of the court.

The case was now briefly argued by *F. Gardner*, for the

Sawtell, Petitioner, &c.

petitioner, and *S. D. Parker*, on the other side ; and the opinion of the Court was afterwards drawn up by

PARKER C. J. The statute of 1821, *c.* 109, by which the Police Court is established within the city of Boston, provides, in the sixth section, that a court shall be held by one or more of the justices of the Police Court, on two seveial days in each week, and as much oftener as may be necessary, to be called and styled the Justices' Court for the county of Suffolk ; and that all the said justices, shall, from time to time, assemble, to establish all necessary rules for the orderly and uniform conducting of the business of said court, so as to insure a constant, prompt, and punctual performance thereof. The particular days of the week not having been designated by the act, on which these courts should be held, it necessarily became the duty of the justices to appoint the days, and it was properly considered by them as within the authority conferred by the 6th section, to designate two certain days for that purpose, and when designated, these days became the stated terms of the court, as much as if they had been so enacted expressly by the statute.

It appears by the return of the justices of the court, that Wednesday and Saturday of every week have been assigned by them as the regular term days, and they have provided for continuances from one day or term to the other, as we think they might lawfully do within the spirit of the authority given to them to make rules for the purposes aforesaid. The action then which is the subject of this application, being entered on their clerk's docket on a Wednesday, might lawfully have been continued to the next term day, and so from term to term as the judge holding the court should think justice required. There having been no appearance entered on the docket, but a default of the defendant, regularly judgment should have been entered, in which case the issuing of an execution would have been a duty of the clerk. But no judgment was entered or prayed for on the term day when the default was entered. Nor does it appear that there was any general order for judgments in case of defaults. The clerk then was not obliged to issue execution, and in the circumstances of this case, as stated in the return, we think he did right in refusing it.

The case then stood on the docket as an unfinished one, in which there had been a default, but no judgment, until the next term day, when there was a motion by the plaintiff for judgment. We think the court had a right to deny this motion, if it appeared there had been any omission of the clerk, or any mistake of the party, by which the default was occasioned ; and that it was competent to the court then to take off the default and order the cause for trial. This proceeding is much more advantageous to the plaintiff himself, than to have ordered judgment and obliged the defendant to apply to the Court of Common Pleas for a review. We are of opinion, that there having been no judgment, it was within the discretionary power of the court to take off the default, as much as it would have been to order judgment. The case remaining on the docket unfinished, they had jurisdiction over it to sustain either motion

*Mandamus refused.*[1]

Sawtell,<br>Petitioner,<br>&c.,

---

[1] See Revised Stat. *c.* 87, § 43.